Early JOHNSON *v.* STATE of Arkansas

CR 85-95                                                696 S.W.2d 742

Supreme Court of Arkansas
Opinion delivered October 7, 1985

*Henry & Mooney*, by: *John R. Henry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. On an evening in July, 1984, an armed man robbed the clerk at a grocery store in Wynne, taking about $627. The appellant, Early Johnson, was arrested in Parkin nine days later. Johnson was identified as the robber by the clerk, who picked out his picture from a group of pictures, identified him at a line-up, and again identified him at the trial. The robber had not worn a mask. An eleven-year-old girl who had been in the store at the time also identified Johnson. He was convicted of aggravated robbery and sentenced to life imprisonment. Two points for reversal are argued.

■ First, the witnesses' identification of the accused was sufficiently reliable to support the verdict. It is argued that the description originally given by the clerk to the police was not the same as the description she gave on cross-examination at the trial. Her first description was : "5'8" black male, slim, white shirt, medium sleeve, dark dress pants, short afro." At the trial she testified: "He was wearing a white shirt and dark pants, he had short-cut hair, mustache, and big bulgy eyes." There is no material contradiction between the two versions. Moreover, the proof indicates that the clerk was positive in her identification, as was the child. The time lapse was only about ten days. We perceive no basis for saying that the identifying testimony has been shown to be unreliable.

Second, there were four black jurors who were examined on voir dire. The State successfully challenged two of them for cause and peremptorily challenged the other two. It is now argued that this course of action by the prosecution deprived the accused of a fair trial.

■■ This argument was held to be without merit in *Swain* v. *Alabama*, 380 U.S. 202 (1965). There the Supreme Court recognized the nature of peremptory challenges as being essentially a matter of individual judgment and concluded that to test the prosecutor's challenges on an equal-protection basis "would establish a rule wholly at odds with the peremptory challenge system as we know it." It was also argued there that the prosecutor's use of his peremptory challenges to excuse blacks resulted in unconstitutional discrimination in the selection of the

jury. The Court held that such a claim could be sustained only by a showing that the practice had been followed in past cases so uniformly as to "give rise to the inference of systematic discrimination by state officials." Our own cases are to the same effect. *Walton* v. *State*, 279 Ark. 193, 650 S.W.2d 231 (1983); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980). In the case at hand no effort was made to show any past history of the exclusion of black jurors by means of peremptory challenges in criminal cases in Cross County. We find no merit in the two points that are argued, nor do we find prejudicial error in any other ruling that has been brought to our attention.

Affirmed.

PURTLE, J., not participating.